UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOREEN CANDA CORTES,<br>Plaintiff,<br>v.<br>JEFFERSON SESSIONS, et al.,<br>Defendants. | Case No. 17-cv-01773-PJH<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 33 |

Defendants Attorney General Jeff Sessions, the U.S. Department of Homeland Security, and U.S. Citizenship and Immigration Services's ("USCIS") (together, "the government") motion to dismiss plaintiff Noreen Canda Cortes's second amended complaint came on for hearing before this court on June 6, 2018. Plaintiff appeared through her counsel, Roger Green. Defendants did not make an appearance at the hearing. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the following reasons.

**BACKGROUND**

This action was originally filed on March 30, 2017 and was first amended on March 31, 2017. Dkt. 3 ("FAC"). With that filing, plaintiff sought review of a decision by the Board of Immigration Appeals under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Plaintiff also asserted claims under the Equal Protection Clause and the Due Process Clause of the United States Constitution. The government moved to dismiss the FAC, and the court granted the motion. Dkt. 27.

The court recounted the relevant facts of this action, the relevant procedural background, and the history and framework of the statute plaintiff challenges—the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248 (the "Adam Walsh Act" or "the Act")—at length in the order dismissing plaintiff's FAC, found at Docket Number 27. See Dkt. 27 at 1–6. The court incorporates the background information presented in that October 27, 2017 order here. See id.

In that order dismissing plaintiff's FAC, the court held that it lacked subject matter jurisdiction to review the agency decision with respect to plaintiff's APA action. The court found that it does have jurisdiction to adjudicate plaintiff's constitutional challenges to the Adam Walsh Act. The court dismissed plaintiff's equal protection and due process claims, but held that "[b]ecause of the lack of clarity regarding the legal basis for this [equal protection] claim, the court will permit Cortes to amend the complaint to attempt to state an equal protection claim." Dkt. 27 at 19.

Plaintiff thereafter filed an amended complaint alleging that the Adam Walsh Act violates the United States Constitution's Equal Protection Clause. Dkt. 28 ("SAC"). The government subsequently moved to dismiss the SAC for failure to state a claim—the present motion before the court. Dkt. 33.

**DISCUSSION**

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be

2

accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document"). The court may also consider matters that are properly the subject of judicial notice (Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir. 2001)), exhibits attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)), and documents referenced extensively in the complaint and documents that form the basis of the plaintiff's claims (No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003)).

**B.  Analysis**

The challenged provision of the Adam Walsh Act prohibits a United States citizen who has been convicted of any "specified offense against a minor" from filing a family-

3

1 based visa petition on behalf of an alien beneficiary "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien[.]" 8 U.S.C. § 1154(a)(1)(A)(viii); see also 34 U.S.C. § 20911(7), (14) (defining the term "specified offense against a minor").

The parties agree that plaintiff's equal protection challenge should be analyzed under the rational basis review framework. E.g., Dkt. 33 at 6; Dkt. 37 at 2–4. The court agrees that the Adam Walsh Act is subject to rational basis review, as it sets out a classification that neither proceeds along suspect lines nor infringes a fundamental constitutional right.

"In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993). "Where there are 'plausible reasons' for Congress' action, 'our inquiry is at an end.'" Id. at 313–14 (quoting United States Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 179 (1980)). "Moreover, because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." Id. at 315.

However, the government's interest must be legitimate. "[A] bare desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest." Romer v. Evans, 517 U.S. 620, 634 (1996) (quoting Dep't of Agric. v. Moreno, 413 U.S. 528, 534 (1973)); accord Arizona Dream Act Coal. v. Brewer, 757 F.3d 1053, 1067 (9th Cir. 2014) ("animus toward DACA recipients themselves . . . . is not a legitimate state interest").

Plaintiff argues that the Act treats her differently "than another young lady from the Philippines or another hopeful spouse from any other country who did not happen to marry a petitioning spouse who suffers from a preclusive offense under the AWA [Adam Walsh Act]." Compl. at 3 (comparing her treatment to "another spouse who married a

4

1  person without the AWA [Adam Walsh Act] preclusive offense [who] will move forward
2  from the I-130 petition process toward lawful permanent residency"). The court considers
3  whether treating those marrying non-offenders under the Adam Walsh Act differently from
4  those marrying convicted offenders under the Act bears a rational relationship to a
5  legitimate government purpose. The government offers four "conceivable reasons that
6  Congress would choose to treat the Adam Walsh Act visa petitions differently from other
7  visa petitions." Dkt. 33 at 6.

First, the government argues that the challenged feature of the Act is consistent with Congress's stated purpose to "protect the public from sex offenders and offenders against children[.]" 42 U.S.C. § 16901 (transferred to 34 U.S.C. § 20901).

The Act as implemented identifies particular offenses—at issue here, criminal sexual conduct involving a minor—and requires that individuals convicted of those offenses prove beyond a reasonable doubt that they pose no risk to the proposed beneficiary when seeking approval of a family-based visa petition. See Memorandum from Michael Aytes, Associate Director, Domestic Operations, Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006 (Feb. 8, 2007).

Congress could rationally have conceived that beneficiaries of visa petitioners who are convicted of the specified offenses against minors are in greater need of protection than beneficiaries of visa petitioners who have not been convicted of such crimes. One possible reason for this is that beneficiaries are necessarily close relatives who are likely to cohabitate with the petitioner. Given their close proximity, Congress could have believed that beneficiaries would be at particular risk. Regarding Cortes's statement that she feels safe, it is possible that such statements do not control the overall analysis because such statements could be coerced as the product of domestic violence; or they may be false, but the product of a calculated effort to stay in the United States despite suffering domestic abuse.

The USCIS is thus tasked with independently assessing danger to the beneficiary,

5

1 regardless of the familial relationship between the beneficiary and the petitioner.
2 Petitioners with convictions for specified offenses against a minor are not prevented from
3 petitioning altogether, but the Act subjects convicted sex offenders to a very high level of
4 scrutiny on the issue of dangerousness.  This differential treatment is consistent with the
5 statutory purpose of protecting beneficiaries and other members of the public.  Congress
6 could reasonably be interested in protecting all beneficiaries, and others, from recidivist
7 acts or other crimes.

The Ninth Circuit has endorsed similar logic.  When considering whether the Adam Walsh Act enacted a civil or punitive scheme, the Ninth Circuit reasoned that "the Adam Walsh Act has a clear non-punitive purpose:  preventing those convicted of specified offenses from having access to the persons that they are most likely to harm."  Gebhardt v. Nielsen, 879 F.3d 980, 986 (9th Cir. 2018).

There is "nothing irrational about that legislative choice, which furthers the legitimate governmental interest in public safety."  Ledezma-Cosino v. Sessions, 857 F.3d 1042, 1048 (9th Cir. 2017).  Nor does it matter that the statute targets certain types of offenders and not others.  "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.  A legislature may address a problem one step at a time, or even select one phase of one field and apply a remedy there, neglecting the others."  Id. (internal quotation marks omitted).

Second, the government argues that the requirement placed on petitioner to prove he poses no risk to the beneficiary incentivizes real, documented, provable rehabilitation following criminal conduct.  The court agrees that Congress could plausibly have had the goal of improving public safety and attempted to achieve that goal by incentivizing convicted offenders to undertake fulsome rehabilitation efforts.  Congress could have incentivized those efforts by requiring proof of such efforts, and of their success, in order to petition for a relative's citizenship.

Plaintiff argues that these are not "the ultimate genuine actual motivation[s] behind

6

the implementation of the statute," as evidenced by the rarity with which petitions are granted. Dkt. 37 at 10. Plaintiff argues that the law is in fact based on animus and the impermissible belief that convicted sex offenders are inherently suspect. Id. at 5.

But Congress's actual motivation when passing the bill is not at issue so long as there is a plausible reason for the action. Ledezma-Cosino, 857 F.3d at 1048; Beach Commc'ns, 508 U.S. at 313–14. Here, Congress could plausibly have been acting to advance legitimate governmental interests, as described above.

The court finds that the two reasons assessed above—to protect the public from sex offenders and offenders against children, and to improve public safety by incentivizing fulsome rehabilitation efforts—are each plausible reasons for Congress's action and are rationally related to legitimate state interests. As such, the court need not consider the government's remaining arguments.[1]

## CONCLUSION

For the reasons stated, the court GRANTS defendants' motion to dismiss. Because any attempt to amend the complaint again to state an equal protection claim would be futile, plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 1, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Although it need not address the issue, the court is skeptical that Congress's interest in expending less effort when drafting the statute would by itself survive rational basis review. See Dkt. 33 at 8. Although the court did not have the benefit of addressing this argument at the hearing because the government failed to appear, the argument as presented in the government's motion is at best confused. A statute untethered from any legitimate government interest cannot survive rational basis review based on the government's interest in drafting that impermissible statute more efficiently.

7